## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RAUL M. ESPITIA : Case No. C-1-00-531
: Judge Weber
    Plaintiff, :
:
v. :
: **PLAINTIFF'S OBJECTIONS TO**
THE PROCTER & GAMBLE : **DEFENDANT'S MOTION FOR**
COMPANY, et al., : **BILL OF COSTS**_____
:
    Defendants. :

## I.  INTRODUCTION

On March 15, 2004, Defendant The Procter and Gamble Company, et al. filed a Motion for Bill of Costs as the prevailing party pursuant to Rule 54(d) and 28 U.S.C. §1920.  For the reasons that follow, this Court should exercise its discretion and deny Defendant's Motion.

## II.  RELEVANT FACTS

On June 29, 2000, Plaintiff Raul Espitia filed this Complaint alleging breach of duty of fair representation against Defendant Employee Representative Association, and race and national origin discrimination and a public policy tort against Defendant The Procter and Gamble Company, et al.  On July 12, 2002, this Court issued an Order granting the Defendants' Motion for Summary Judgment.  Plaintiff filed a timely Notice of Appeal with the United States Court of Appeals for the Sixth Circuit.  On March 1, 2004, the Sixth Circuit issued an opinion affirming the District Court's Order granting summary judgment in favor of the Defendant.

On March 15, 2004, Defendant Procter and Gamble filed its Motion for Bill of Costs seeking payment of $5,079.43.

## III.  ARGUMENT

Fed.R.Civ.P. 54(d) provides for the award of costs to the prevailing party "unless the

court otherwise directs." It is well established that this award of costs is within the discretion of the district court. National Transformer Corp. v. France Mfg. Co., 215 F.2d 343, 362 (6th Cir. 1954). This discretion includes the power to decline to award costs for even those items enumerated in 28 U.S.C. §1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). When determining whether to assess costs to the prevailing party, the court should weigh the equities and public interests involved. White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986); Lichter Found., Inc. v. Welch, 269 F.2d 142, 146 (6th Cir. 1959); Muller v. United States of America, 811 F.Supp. 328, 329 (N.D. Ohio 1992) (citing County of Suffolk v. Secretary of Interior, 76 F.R.D. 469, 472 (E.D.N.Y. 1977)). This decision must be "tempered by considerations of fairness." Muller, 811 F.Supp. at 329 (citing Wm. Bros. Boiler & Mfg. Co. v. Gibson-Stewart Co., 202 F.Supp. 6, 7 (N.D. Ohio 1961), modified on other grounds, 312 F.2d 385 (6th Cir. 1963)).

In Muller v. United States of America, the Northern District of Ohio decided that the prevailing party, the United States, should not be awarded costs of $534.55. In reaching this decision, the court considered the following factors:

1. the financial need of the prevailing party for reimbursement;

2. the burden that imposition of costs would have on a non-affluent, non-prevailing party;

3. the possible inhibitive effect that the imposition of costs might have on future litigants, who may be discouraged from bringing suit "no matter how meritorious they might in good faith believe their claims to be;" and

4. whether the non-prevailing plaintiff's claims were frivolous or whether they presented close issues of fact.

811 F.Supp. at 329. See also White & White, 786 F.2d at 730 (denial of costs proper where case is "close and difficult"); Hall v. Ohio Educ. Assoc., 984 F.Supp. 1144, 1146 (S.D. Ohio

1997); <u>Allstate Ins. Co. v. Michigan Carpenters' Council Health & Welfare Fund</u>, 760 F.Supp. 665, 670 (W.D. Mich. 1991).

This case presents very similar equities. While the prevailing party here is not quite as large and financially able to absorb the costs of the litigation as is the United States in <u>Muller</u>, the Defendant is also extremely capable of carrying the burden of the costs of this litigation.

In addition, Plaintiff is an individual who is not wealthy. Paying for the costs that The Procter and Gamble Company, et al. is seeking would impose a financial hardship on Plaintiff.

The effect of an award of costs of this magnitude, moreover, would definitely deter other employees from pursuing their meritorious employment discrimination claims. Most employees simply cannot afford to take the risk that they may lose this kind of money, in addition to the costs they would have to shoulder themselves.

Finally, Plaintiff's claims were not frivolous and contained several close questions of fact and law. Therefore, this Court should deny Defendant's Motion for a Bill of Costs in its entirety.

Alternatively, in the event that this Court decides that Plaintiff must be ordered to pay some of Defendant's costs, the amount of the costs assessed should be reduced from the $5,079.43 Defendant has requested.


IV. <u>CONCLUSION</u>

This Court should deny Defendant's Motion for Bill of Costs in its entirety because the Defendant is far more able to bear the burden of these costs than Plaintiff, and because such a large assessment of costs to an employment discrimination plaintiff would inhibit other plaintiffs with similar claims from enforcing their federal and state rights. Alternatively, if this Court decides to assess costs against Plaintiff, it should reduce the assessment of costs from $5,079.43 to a reasonable amount.

Respectfully submitted,

/s/ Kelly Mulloy Myers
Kelly Mulloy Myers (0065698)
FREKING & BETZ
215 East Ninth Street
Fifth Floor
Cincinnati, OH  45202
(513) 721-1975
*kmyers@frekingandbetz.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2004, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system

and copies will be mailed via U.S. mail to those parties who are not served via the Court's

electronic filing system.  Parties may access this filing through the Court's system.


/s/ Kelly Mulloy Myers