UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RAUL M. ESPITIA, | : | Case No. C-1-00-531 |
| Plaintiff, | : | Judge Herman J. Weber |
| v. | : | |
| THE PROCTER & GAMBLE COMPANY, et al., | : | **REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANT THE PROCTER & GAMBLE COMPANY'S BILL OF COSTS** |
| Defendants. | : | |

## I.    INTRODUCTION

Plaintiff Raul M. Espitia ("Espitia") appealed this Court's order granting summary judgment in favor of Defendant The Procter & Gamble Company ("P&G"). The Sixth Circuit Court of Appeals affirmed on March 1, 2004. Because P&G is the prevailing party in this matter, it is entitled to an award of costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.

## II.    ARGUMENT

Under Rule 54(d), "costs other than attorneys' fees *shall be allowed* as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d) (emphasis added). "The prevailing party is prima facie entitled to costs and it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption." Lichter Foundation, Inc. v. Welch, 269 F.2d 142, 146 (6th Cir. 1959). No such circumstances exist here.

In <u>White v. White, Inc. v. American Hospital Supply Corp.</u>, 786 F.2d 728 (6th Cir. 1986), the Sixth Circuit established guidelines for awarding costs. The court noted several circumstances in which the denial of costs may be a proper exercise of discretion: (1) circumstances in which taxable expenditures by the prevailing party are unnecessary or unreasonably large; (2) "cases in which the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues"; (3) "cases where the party's recovery is so insignificant that the judgment amounts to a victory for the defendant"; and (4) cases that are "close and difficult." <u>Id.</u> at 730. The court also identified factors the court should ignore when determining whether to exercise its discretion and deny costs, including the size of the successful party's recovery and the ability of the prevailing party to pay costs. <u>Id.</u>

None of the factors identified in <u>White & White</u> are present in this case, and Espitia has identified no basis on which to overcome the presumption that costs shall be awarded to P&G as the prevailing party. First, Espitia asserts P&G is a large company capable of carrying the burden of costs in this litigation. <u>White & White</u> specifically listed the ability of the prevailing party to pay its costs as a factor the court should *ignore*. <u>Id.</u> Second, Espitia's bare assertions that the payment of costs would impose a financial hardship is insufficient to permit the exercise of discretion to deny an award of costs.

Third, Espitia's claim that an award of costs would deter other employees "from pursuing their meritorious employment discrimination claims" is wholly irrelevant. Both the district court and the court of appeals concluded Espitia's claims *were* without merit. Courts routinely award costs to the prevailing party for expenses that are both necessary and reasonable under the standard in Rule 54. See <u>Hall v. Ohio Educ.</u>

Ass'n, 984 F. Supp. 1144, 1146 (S.D. Ohio 1997) ("[I]f Defendants establish that the expenses are both necessary and reasonable, the Court will presume that Defendants should be awarded these costs."). Espitia does not assert, nor can he assert, that the costs P&G seeks are either unreasonable or unnecessary. In fact, the lion share of the costs are the result of depositions that Espitia took, not P&G. Except for Espitia's deposition, Espitia requested and took all of the other depositions that generated the costs in this case. These depositions were then used by P&G as the basis for its motion for summary judgment. Accordingly, P&G is entitled to these costs as expenses that were both necessary and reasonable.

Finally, Espitia asserts without any explanation that his "claims were not frivolous and contained several close questions of fact and law." Espitia, however, has no basis on which to trigger the "close and difficult" exception established in White & White. See Allstate Ins. Co. v. Michigan Carpenters' Council Health & Welfare Fund, 760 F. Supp. 665 (W.D. Mich. 1991) (applying the "close and difficult" exception when a United States Supreme Court opinion abrogated the Sixth Circuit opinion on which the district court relied when entering judgment). Espitia's claims were garden-variety employment discrimination claims resolved under well-established Sixth Circuit precedent and did not raise "close and difficult" issues sufficient to overcome the presumption that costs must be awarded to the prevailing party.

### III. CONCLUSION

As the prevailing party, P&G is entitled to an award of costs under Rule 54. Nothing Espitia has advanced overcomes the presumption that costs shall be awarded

to the prevailing party. Accordingly, the Court should enter an award of costs in favor of P&G.

Respectfully submitted,

/s/ Michael S. Glassman, Esq.
Michael S. Glassman (0012713)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
(513) 977-8200

Attorney for Defendant
The Procter & Gamble Company

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2004 I electronically filed the foregoing using the CM/ECF system which will send notification of such filing to Kelly Mulloy Meyers, Esq., Freking & Betz, 215 East Ninth Street, Fifth Floor, Cincinnati, Ohio 45202 and James B. Robinson, Esq. Kircher Robinson & Welch, 2520 Kroger Building, 1014 Vine Street, Cincinnati, OH 45202-1116.

/s/ Michael S. Glassman, Esq.

#998387