UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RAUL M. ESPITIA, | : | Case No. C-1-00-531 |
| | : | |
| Plaintiff, | : | Judge Herman J. Weber |
| | : | |
| v. | : | |
| | : | |
| THE PROCTOR & GAMBLE | : | **PLAINTIFF'S OBJECTIONS TO** |
| COMPANY, et al., | : | **DEFENDANT'S MOTION TO** |
| | : | **REVIEW THE CLERK'S** |
| Defendants. | : | **TAXATION OF COSTS** |

**I.   INTRODUCTION**

On July 13, 2004, Defendant The Proctor & Gamble Company, et al. filed a Motion to Review the Clerk's Taxation of Costs. On July 9, 2004, the Clerk issued a Memorandum on Costs disallowing costs for depositions that were not filed with the Clerk. Defendant argues that because portions of these depositions were attached to and cited in both parties' briefings, it is entitled to recover those costs in the amount of $2,301.73  Because these depositions were never filed with the Court, Defendant's Motion should be denied and the Clerk's original taxation of costs should be affirmed.

**II.   ARGUMENT**

    **A.   Defendant is Not Entitled to Recover the Costs of the Depositions of Espitia, Lindsay, Carver, and Winters**

To be taxable, depositions must be filed with the Clerk. Neumann v. Reinforced Earth Co., No. 81-0459, 1986 U.S. Dist. LEXIS 26516, at *5 (D.D.C. Apr. 18, 1986); Taylor v. Acme-Cleveland Corp., No. 86-3415, 1988 U.S. Dist. LEXIS 18054, at *5 (E.D. Mich. Jan. 5, 1988). The Clerk's reason for disallowing the costs of the depositions at issue is that they were not filed. (Clerk's Mem. on Costs at 1.)

Defendant argues in its Motion that the depositions of Raul Espitia, Michael Lindsey, Dwain Carver, and Tom Winters were filed with the Court as attachments to its Motion for Summary Judgment. However, the Defendant filed only portions of the depositions cited in its briefs, not the entire depositions.

On October 4, 2002, Plaintiff filed a Motion to Supplement the Record to include his deposition testimony in its entirety. (Pl.'s Mot. Supplement R.) In its Memorandum in Opposition to Plaintiff's Motion to Supplement the Record, Defendant argued to this Court that it should ignore Plaintiff's deposition because it had not previously been filed and entered into evidence. (Def.'s Mem. Opp'n to Pl.'s Mot. Supplement R. at 2.) Defendant cannot argue both that this Court should ignore Plaintiff's deposition and that it is entitled to the costs of the deposition. Thus, the cost of Plaintiff Espitia's deposition should not be taxed.

For the foregoing reasons, this Court should deny Defendant's Motion to Review the Clerk's Taxation of Costs.

### B.    Defendant is Not Entitled to Recover the Costs of the Depositions of Scarcella and Bess

Defendant argues that it is entitled to recover the costs of Scarcella's and Bess's depositions because they were noticed by Plaintiff. These depositions were never filed with the Court, nor were they referenced in either party's memoranda. Rather, these depositions were taken for the purposes of discovery. Depositions are not taxable when used for purposes of investigation or preparation for trial. Hall v. Ohio Educ. Assoc., 984 F.Supp 1144, 1146 (S.D. Ohio 1997).

Because the depositions of Scarcella and Bess were neither filed nor cited in any briefings, this Court should deny Defendant's Motion to Review and affirm the Clerk's Taxation of Costs.

### C. Considerations of Fairness Preclude Defendant From Recovering Additional Costs

The District Court has the discretion to deny the taxation of costs to the prevailing party. National Transformer Corp. v. France Mfg. Co., 215 F.2d 343, 362 (6th Cir. 1954); (see also Guidelines For Att'ys Taxation of Ct. Costs in S.D. Ohio at 2.)  The Sixth Circuit has held that the Court should consider the necessity, not the reasonableness, of the costs.  White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 732 (6th Cir, 1986).  Defendant has already been granted a partial award of costs in this case.  Defendant is a large and profitable corporation; it will suffer no financial hardship if no additional costs are awarded.  However, the taxation of additional costs on Plaintiff, who is by no means wealthy, would be a tremendous financial burden.  The taxation of additional costs is not necessary in this case.  Considerations of fairness require that Plaintiff not be required to pay additional costs.

### III. CONCLUSION

For all the foregoing reasons, Defendant's Motion should be denied, and the Clerk's Taxation of Costs should be affirmed.

Respectfully submitted,

  /s/ Kelly Mulloy Myers
Kelly Mulloy Myers (0065698)
Attorney for Plaintiff
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH 45202
(513) 721-1975
kmyers@frekingandbetz.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 6, 2004, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                /s/ Kelly Mulloy Myers