UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RAUL M. ESPITIA, | : Case No. C-1-00-531 |
| Plaintiff, | : Judge Herman J. Weber |
| v. | : |
| THE PROCTER & GAMBLE COMPANY, et al., | : **DEFENDANT THE PROCTER & GAMBLE COMPANY'S REPLY TO PLAINTIFF'S OBJECTIONS TO MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS** |
| Defendants. | |

On July 9, 2004, the Clerk disallowed costs for the depositions of Plaintiff Raul Espitia, Michael Lindsey, Dwain Carver and Tom Winters because it concluded they were not filed with the Clerk in the course of the litigation. Defendant Procter & Gamble Co. ("P&G") filed a timely Motion to Review the Clerk's Taxation of Costs. (R. 52). In its Objections to P&G's Motion for Review of Costs, Plaintiff Raul Espitia ("Espitia") asserts P&G is not entitled to recovery of the costs of the depositions of Espitia, Lindsey, Carver and Winters because only portions of the depositions were attached to P&G's motion for summary judgment.

However, 28 U.S.C. § 1920(2) provides: "A judge or clerk of any court of the United States may tax as costs . . . [f]ees of the court reporter for all or any part of the stenographic transcript *necessarily obtained for use in the case* . . . ." (emphasis added). This statute, which authorizes the taxation of costs, does not require that an entire deposition transcript be filed with the Clerk in order to be a taxable cost. Instead, the statute provides that the transcript simply must be "necessarily obtained for use in

the case." The depositions of Plaintiff Raul Espitia, Michael Lindsey, Dwain Carver, and Tom Winters were all necessarily obtained for use in the case. The depositions were cited extensively in connection with P&G's Motion for Summary Judgment and Espitia's Memorandum in Opposition to P&G's Motion for Summary Judgment. (See Dkt. No. 30 at pp. 1-16). In accordance with S.D. Ohio Civ. R. 7.2(f), the relevant portions of the depositions were filed with the Court as attachments to P&G's Motion for Summary Judgment. Therefore, because the deposition transcripts of Espitia, Lindsey, Carver and Winters all were necessarily obtained for use in the case, filed with the Court, and cited extensively, P&G is entitled to recover costs in the amount of $2,096.53 for the depositions of these individuals.

While the depositions of Jim Scarcella and Nancy Bess were not cited in either party's memoranda, both depositions were noticed by Plaintiff. Espitia, relying on Hall v. Ohio Educ. Assoc., 984 F. Supp. 1144, 1146 (S.D. Ohio 1997), asserts that depositions are not taxable when used for purposes of investigation or preparation for trial. Hall, however, states that "[d]epositions are not *ordinarily* taxable, however, when used for purposes of investigation or preparation for trial." Id. (emphasis added). A deposition, however, is a taxable cost "if, when taken, it appeared to be reasonably necessary for use in trial." Smith v. Oppenheimer & Co., No. G83-948 CA7, 1989 U.S. Dist. LEXIS 18083 (W.D. Mich. July 21, 1989) (unpublished) (attached as Exhibit A). Espitia noticed each of these depositions presumably because they appeared to be reasonably necessary for use in trial. Accordingly, P&G respectfully requests that the costs disallowed in the amount of $2,301.73 be awarded to P&G as fees for exemplification and copies of papers necessarily obtained for use in the case.

Respectfully submitted,

/s/ Michael S. Glassman, Esq.
Michael S. Glassman (0012713)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
(513) 977-8200
Fax: (513) 977-8141

Attorney for Defendant
The Procter & Gamble Company

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2004 I electronically filed the foregoing using the CM/ECF system which will send notification of such filing to Kelly Mulloy Meyers, Esq., Freking & Betz, 215 East Ninth Street, Fifth Floor, Cincinnati, Ohio 45202 and James B. Robinson, Esq. Kircher Robinson & Welch, 2520 Kroger Building, 1014 Vine Street, Cincinnati, OH 45202-1116.

/s/ Jennifer K. Swartz, Esq.

#1042846.01