LEXSEE 1989 US DIST LEXIS 18083

**THOMAS E. SMITH, Plaintiff, v. OPPENHEIMER AND CO., INC., et al., Defendant.**

No. G83-948 CA7

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

*1989 U.S. Dist. LEXIS 18083*

July 21, 1989, Decided
July 21, 1989, Filed

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff investor sought grant of its motion for taxation of costs and interest against defendants, corporations and others, after the jury returned a verdict for the investor as to some of his security law claims and after the court dismissed other claims. The investors sought fees for deposition transcripts, travel and subsistence related to the depositions, reasonable attorneys fees, an expert witness fee, copying, and interest.

**OVERVIEW:** After the investor was awarded a jury verdict against defendants on his securities law claims, he sought the taxation of his costs to, and the imposition of interest against, defendants. The court granted and denied in part the motion for costs. The court also granted the motion for postjudgment interest under *28 U.S.C.S § 1961* at the statutory rate but denied the motion for prejudgment interest because that request was untimely under *Fed. R. Civ. P. 59(e)*. The court held that the costs for the deposition transcripts were properly taxable as costs under *28 U.S.C.S. § 1920* because they were necessary. The court denied the motion for travel and subsistence costs incurred for the depositions because the investor did not obtain prior court approval to incur those costs and he did not demonstrate the existence of compelling circumstances to warrant their grant. The attorneys fee request was denied because the investor did not base his claims on any securities law claims that permitted those costs, nor did he demonstrate bad faith by defendants to collect his judgment. The travel expenses of the investor's expert were taxed as his testimony was necessary to assist the jury.

**OUTCOME:** The court granted the investor's motion for taxation of costs related to the deposition transcripts, expert witness fees, and copying charges, but denied the motion with regard the request for travel and subsistence expenses related to the depositions and for attorneys fees. The court also granted the investor's request for post-judgment interest against defendants in the securities law case but denied the prejudgment interest request.

**LexisNexis(R) Headnotes**

*Civil Procedure > Costs & Attorney Fees > Litigation Costs*
[HN1] Costs which may be taxed are largely a matter of statutory enactment, although the courts do have inherent equity power to tax as costs expenses which are beyond the scope of *28 U.S.C.S. § 1920,* if the court finds it appropriate in a particular case. However, the United States Supreme Court has admonished the district courts to invoke their discretion sparingly in taxing costs. As one court has aptly stated, costs' are not to be equated with expenses. They are a term of art defined by *28 U.S.C.S. § 1920,* rather than to be measured by the chancellor's foot.

*Civil Procedure > Costs & Attorney Fees > Litigation Costs*
[HN2] Deposition costs may be taxed in the court's discretion under *28 U.S.C.S. § 1920*(2). A deposition taken solely for investigatory purposes or for trial

**EXHIBIT A**

preparation is not a taxable cost. *Hill, supra, at 351.* However, this does not mean that a deposition not introduced at trial may never be taxed as costs. A deposition not used at trial may still be taxed if, when taken, it appeared to be reasonably necessary for use in trial. Therefore, depositions not introduced into evidence are allowable costs, even if obtained only for discovery purposes, so long as they were necessarily obtained.

*Civil Procedure > Costs & Attorney Fees > Litigation Costs*
[HN3] As a rule, attorney travel expenses associated with the taking of depositions are not taxable as costs. Such expenses are allowed only in rare situations where prior court approval has been obtained and extraordinary or compelling circumstances are shown to exist.

*Civil Procedure > Costs & Attorney Fees > Attorney FeesSecurities Law > Bases for Liability > Remedies*
[HN4] Section 10(b) of the Securities Exchange Act of 1934 makes no provision for awards of attorneys fees, unlike § 11 of the Securities Exchange Act of 1934.

*Civil Procedure > Costs & Attorney Fees > Attorney Fees*
[HN5] There is an exception to the rule that attorneys fees may not be awarded in the absence of statutory authority. The exception arises where the losing party has demonstrated bad faith or has willfully abused the judicial process.

*Civil Procedure > Costs & Attorney Fees > Litigation Costs*
[HN6] Under *28 U.S.C.S. § 1920*(3), the court may tax as costs fees and disbursements for witnesses. There is no explicit provision in *28 U.S.C.S. § 1920* for reimbursement of expert witness fees in excess of the statutory witness attendance fee of $ 30.00 per day set forth in *28 U.S.C.S. § 1821*(b). Some circuits have held, based upon the language of *Fed. R. Civ. P. 54(d)*, which provides that costs shall be allowed as of course to the prevailing party unless the court otherwise directs, that expert witness fees may be awarded beyond the statutory allowance in *28 U.S.C.S. § 1821.* Several circuits have rejected this argument. The law on this issue in the United States Court of Appeals for the Sixth Circuit has been unclear in the past. However, the United States Supreme Court clearly settled this issue in holding that absent explicit statutory language allowing for the taxation of expert witness fees beyond the statutory allowance in *28 U.S.C.S. § 1821,* the taxation of such costs is improper.

*Civil Procedure > Costs & Attorney Fees > Litigation Costs*
[HN7] With regard to a party's expert's travel expenses, the general rule employed by the courts is that absent special circumstances, taxation of costs for travel expenses of witnesses is limited to the 100 mile radius provided by *Fed. R. Civ. P. 45(e),* the area in which a court may serve subpoenas. This rule is not inflexible, as it is within the court's discretion to tax as costs expenses for transporting witnesses beyond the 100 mile limit.

*Civil Procedure > Costs & Attorney Fees > Litigation Costs*
[HN8] A successful party may recover his fees for copies under *28 U.S.C.S. § 1920*(4) if they were necessarily obtained for use in the case.

*Civil Procedure > State & Federal Interrelationships > Federal Common LawCivil Procedure > Costs & Attorney Fees > Judgment Interest*
[HN9] In S.E.C. Rule 10b-5 cases, federal law governs whether prejudgment interest should be allowed. Federal law as to whether prejudgment interest should be awarded is based upon considerations of fairness and lies within the equitable discretion of the court.

*Civil Procedure > Costs & Attorney Fees > Judgment Interest*
[HN10] The addition of pre-judgment interest under the *Mich. Comp. Laws § 600.6013* is merely a ministerial act which can not be denied through mere inadvertence, regardless of whether the error goes undiscovered for a period exceeding 10 days.

*Civil Procedure > Costs & Attorney Fees > Judgment Interest*
[HN11] Post-judgment interest is awarded as a matter of course on judgments in civil actions in federal courts. Under *28 U.S.C.S. § 1961,* post-judgment interest is imposed as a matter of law on any money judgment recovered in a civil case in a district court. Thus, *Fed. R. Civ. P. 60(a)* is a proper vehicle for amending a judgment to provide for post-judgment interest, since failure to include post-judgment interest in a judgment is merely a clerical error. The proper rate of post-judgment interest is determined by the average coupon yield of 52 week United States Treasury bills.

**JUDGES:** [*1] Miles

**OPINIONBY:** WENDELL A. MILES

**OPINION:**

OPINION AND ORDER ON TAXATION OF COSTS AND CALCULATION OF INTEREST

Case 1:00-cv-00531-HJW   Document 54-2   Filed 08/10/2004   Page 3 of 6

Page 3
1989 U.S. Dist. LEXIS 18083, *

Now before the Court are plaintiff's notice of taxation of costs and motion for approval of calculation of interest. Defendants have filed separate responses to both the notice of taxation of costs and the motion for approval of calculation of interest, in which they object ardently to several items in plaintiff's proposed bill of costs and to an award of prejudgment interest. Trial of this matter was to a jury, at the conclusion of which a verdict of $ 82,417.88 was returned in favor of the plaintiff and against defendants Charles W. Wright, Robert L. Hunziker and Warren K. Hayes on Count I of plaintiff's complaint, and a partial judgment was entered in this amount. Count II of the complaint was dismissed and the Court retained jurisdiction over Counts III through VII, which were to be submitted to arbitration pursuant to the parties' arbitration agreement. Subsequently, defendants filed a motion for new trial and motion for stay of execution of the judgment pending the resolution of the motion for new trial. In an amended judgment, entered on January 19, 1988, the Court disposed of [*2] Counts I and II in accordance with the original partial judgment, and dismissed those counts with prejudice. The amended judgment also dismissed without prejudice Counts III-VII in order that they may be arbitrated, and the stay in effect as to those counts was dissolved. * Shortly thereafter, the Court denied defendants' motion for a new trial. Thus, the resolution of the present matters marks the final chapter in this case.

* In its November 15, 1984 opinion and order, this Court severed Counts I and II from Counts III through VII pursuant to *Liskey v. Oppenheimer & Co.*, 717 F.2d 314 (6th Cir.), and stayed the arbitration of Counts III through VII until the resolution of Counts I and II.

Plaintiff's proposed bill of costs includes several items which, as noted earlier, defendants claim are not taxable as costs. After reviewing plaintiff's proposed bill of costs in light of defendants' contentions, the Court finds itself in agreement with defendants on several of those items. The majority of [*3] the items which plaintiff seeks to have taxed as costs are in the nature of the allowable costs set forth in *28 U.S.C. § 1920*. [HN1] Costs which may be taxed are largely a matter of statutory enactment, although the courts do have inherent equity power to tax as costs expenses which are beyond the scope of *28 U.S.C. § 1920*, if the Court finds it appropriate in a particular case. However, the Supreme Court has admonished the district courts to invoke their discretion sparingly in taxing costs. *Farmer v. Arabian American Oil Company*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed. 2d 248 (1964). As one court has aptly stated, "'costs' are not to be equated with expenses. They are a term of art defined by *28 U.S.C. § 1920*, rather than to be measured by the chancellor's foot." *Abbott Laboratories v. Granite Insurance Co.*, 104 F.R.D. 42, 43 (N.D. Ill. 1984). With these thoughts in mind, the Court now examines the disputed items.

The first item in dispute is the costs for deposition transcripts obtained for use in the case, including travel and subsistence costs incurred in connection therewith. [HN2] Deposition costs may be taxed in the [*4] Court's discretion under § 1920(2). *Hollenbeck v. Falstaff Brewing Corp.*, 605 F.Supp. 421 (E.D. Mo. 1984); *Hill v. SASF Wyandotte Corp.*, 547 F.Supp. 348 (E.D. Mich. 1982). A deposition taken solely for investigatory purposes or for trial preparation is not a taxable cost. Hill, supra, at 351. However, this does not mean that a deposition not introduced at trial may never be taxed as costs. A deposition not used at trial may still be taxed if, when taken, it appeared to be reasonably necessary for use in trial. See Hollenbeck, supra, at 439; Hill, supra, at 351; 10 Wright, Miller & Kane, Federal Practice & Procedure § 2676 at 341.

Defendants object to the allowance of costs of the depositions enumerated in the proposed bill of costs since they were not introduced into evidence at trial and were only taken for discovery purposes. However, the proper inquiry is whether the depositions were "necessarily obtained for use in the case," rather than for use in the trial. Therefore, depositions not introduced into evidence are allowable costs, even if obtained only for discovery purposes, so long as they were necessarily [*5] obtained. *Syntex Ophthalmics, Inc. v. Novicky*, 795 F.2d 983 (Fed. Cir. 1986); *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc.*, 729 F.2d 1530 (5th Cir. 1984); *In re Air Crash Disaster, Etc.*, 687 F.2d 626 (2d Cir. 1982); *Illinois v. Sangamo Construction Co.*, 657 F.2d 855 (7th Cir. 1981).

The affidavit of plaintiff's counsel, Donald F. Tucker, states that the depositions listed in the proposed bill of costs were deemed reasonably necessary at the time they were taken and were taken so that plaintiff may be apprised of certain facts necessary for trial. It is readily apparent from the proposed bill of costs that many of the deponents were crucial fact witnesses in establishing plaintiff's case. This is especially true of defendants Hunziker, Hayes, Wright and O'Donnell. In addition, crucial information was also obtained from Daniel Birkle, Oppenheimer & Co.'s compliance officer, Guy Dean, plaintiff's banker, and Milton Einstandig, plaintiff's accountant. Defendants do not object because the proffered depositions were unnecessary, but because the depositional transcripts themselves were not introduced [*6] at trial. The Court finds, however, that the depositions were necessary, despite the fact that they were not introduced at trial. Accordingly, the Court

finds that plaintiff's deposition costs in the amount of $ 2,820.85 are properly taxable as costs under *28 U.S.C. § 1920(2)*.

Defendants also object to the travel and subsistence expenses incident to the taking of the depositions, which plaintiff seeks to recover as costs. [HN3] As a rule, attorney travel expenses associated with the taking of depositions are not taxable as costs. *Todd Shipyards v. Turbine Service, Inc., 592 F.Supp. 380, 404 (E.D. La. 1984); McHenry v. Joseph T. Ryerson Co., 104 F.R.D. 478, 480 (N.D. Ind. 1985); United States v. Bexar County, 89 F.R.D. 391, 392 (W.D. Tex. 1981)*. Such expenses are allowed only in rare situations where prior court approval has been obtained and extraordinary or compelling circumstances are shown to exist. *George R. Hall, Inc. v. Superior Trucking Co., 532 F.Supp. 985 (N.D. Ga. 1981); Bexar, supra, at 392*. Such expenses must be disallowed in this case since plaintiff neither obtained prior Court [*7] approval to incur them, nor has plaintiff demonstrated the existence of compelling circumstances. In addition, the Court must disallow the statutory attorneys fee sought under *28 U.S.C. § 1923(a)* of $ 22.50 for depositions admitted into evidence since none of the depositions set forth in the proposed bill of costs was actually "admitted in evidence."

The next item which plaintiff submits for taxation as costs is actual reasonable attorneys fees pursuant to Section 11 of the Securities Act of 1933, *15 U.S.C. § 77k(e)* and Section 18 of the Securities Exchange Act of 1934, *15 U.S.C. § 78r(a)*. An award of attorneys fees in this case based upon the foregoing statutes would, however, be improper in this case since plaintiff did not base any of his claims and did not recover under those sections. Instead, plaintiff's claim and recovery were based upon Section 10(b) of the Securities Exchange Act of 1934, *15 U.S.C. § 78j(b)*. [HN4] Section 10(b) of the Securities Exchange Act of 1934 makes no provision for awards of attorneys fees, unlike Section 11 of the Securities Exchange Act of 1934. *Van Alen v. Dominick & Dominick, Inc., 560 F.2d 547 (2d Cir. 1977)*. Thus, in the absence [*8] of any Congressional intent the Court should refrain from granting such awards. *Id. at 554; Kahan v. Rosenstiel, 424 F.2d 161 (3rd Cir. 1970)*.

[HN5] There is, however, an exception to the rule that attorneys fees may not be awarded in the absence of statutory authority. The exception arises where the losing party has demonstrated bad faith or has willfully abused the judicial process. *Local 317, Etc. v. Nat. Post Office Mail Handlers, 696 F.2d 591 (11th Cir. 1983); Straub v. Vaisman & Co., Inc., 540 F.2d 591 (3rd Cir. 1976); Wright v. Heizer Corp., 503 F.Supp. 802 (N.D. Ill. 1980)*. Indeed, this was the crux of the Court's statement in its September 20, 1985 order, published at *635 F.Supp. 936 (W.D. Mich. 1985)*, in which the Court reminded the parties that it would retain discretion "to grant an award of such fees in the event that it finds that defendants have demonstrated bad faith during the course of this litigation."

Plaintiff asserts that defendants have demonstrated bad faith by frustrating his efforts to collect upon the judgment and to pursue his additional claims [*9] in arbitration. The Court however, is cognizant that a major factor which contributed to the delay in the arbitration proceedings was the confusion among the parties occasioned by the stay imposed by the Court in its memorandum order of November 15, 1984. No blame can be assigned to either party for the uncertainty surrounding this issue. Furthermore, the exhibits submitted by defendants in support of their response to plaintiff's motion for immediate consideration and final resolution reveal that the defendants are not solely at fault for the delay of arbitration. Accordingly, plaintiff has failed to show a level of bad faith by defendants which would sustain an award of attorneys fees.

Defendants next object to the taxation of plaintiff's expert witness fees of $ 7,700.00 and travel expenses for the expert witness in the amount of $ 288.50. Plaintiff bases these costs upon *28 U.S.C. §§ 1821* and 1920(3). [HN6] Under *28 U.S.C. § 1920(3)*, the Court may tax as costs "fees and disbursements for . . . witnesses." There is no explicit provision in *28 U.S.C. § 1920* for reimbursement of expert witness fees in excess of the statutory witness attendance fee of thirty dollars ($ 30.00) per [*10] day set forth in *28 U.S.C. § 1821(b)*. Some circuits have held, based upon the language of *Fed. R. Civ. P. 54(d)*, which provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . .," that expert witness fees may be awarded beyond the statutory allowance in *28 U.S.C. § 1821*. See, e.g., *Wilmington v. J.I. Case Co., 793 F.2d 909 (8th Cir. 1986)*. Several circuits have rejected this argument. See, e.g., *Chicago Col. of Osteo. Med. v. George A. Fuller Co., 801 F.2d 908 (7th Cir. 1986); Quy v. Air America, Inc., 667 F.2d 1059 (D.C. Cir. 1981)*. The law on this issue in the Sixth Circuit has been unclear in the past. See *Murphy v. Intern. Union of Operating Engineers, 774 F.2d 114 (6th Cir. 1985)* and cases cited therein. However, the Supreme Court clearly settled this issue in *Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494 (1987)*. In Crawford Fitting, the Court held that absent explicit statutory language allowing for the taxation of expert witness fees beyond the statutory [*11] allowance in *28 U.S.C. § 1821*, the taxation of such costs is improper. *Id., 482 U.S. at 445, 107 S.Ct. at 2499*. Therefore, costs for plaintiff's expert witness will be limited to the statutory amount of thirty dollars ($ 30.00) in accordance with *28*

U.S.C. § 1821(b). See *Tiedel v. Beech Aircraft Corp., 118 F.R.D. 54 (W.D. Mich. 1987)*.

[HN7] With regard to plaintiff's expert's travel expenses, the general rule employed by the courts is that absent special circumstances, taxation of costs for travel expenses of witnesses is limited to the 100 mile radius provided by *Fed. R. Civ. P. 45(e)*, the area in which a court may serve subpoenas. *Goodwin Bros. Leasing, Inc. v. Citizens Bank, 587 F.2d 730 (5th Cir. 1979); Linneman Const., Inc. v. Montana-Dakota Utilities Co., Inc., 504 F.2d 1365 (8th Cir. 1974)*. This rule is not inflexible, as it is within the Court's discretion to tax as costs expenses for transporting witnesses beyond the 100 mile limit. *Farmer, supra, 379 U.S. at 232, 85 S.Ct. at 415; Fleet Investment Co., Inc. v. Rogers, 620 F.2d 792 (10th Cir. 1980);* [*12] *Economics Laboratory, Inc. v. Donnolo, 612 F.2d 405 (9th Cir. 1979)*. The Court has previously noted that plaintiff's expert, professor Norman Poser, was a very important witness and was instrumental in proving plaintiff's case. See opinion on defendant's motion for new trial at 4-5, March 1, 1988. Thus, based upon the necessity of professor Poser's testimony, and its role in assisting the jury in understanding the issues, the Court finds that $ 288.50 for travel expenses is properly taxable as costs to defendants.

The final item in plaintiff's proposed bill of costs which defendants dispute is the charges for printing and copies of papers obtained for use in the case, in the amount of $ 159.00. Plaintiff has segregated the expenses by month, for the period of January, 1985 through March, 1986. [HN8] A successful party may recover his fees for copies under *28 U.S.C. § 1920(4)* if they were necessarily obtained for use in the case. *Kaimowitz v. Howard, 547 F.Supp. 1345 (E.D. Mich. 1982); Fressell v. AT & T Technologies, Inc., 103 F.R.D. 111 (N.D. Ga. 1984)*. Defendants object to plaintiff's printing charges since they are [*13] only itemized by month and do not indicate which copies were necessary for trial preparation. The Court agrees that particularity is required in order to demonstrate that the charges incurred were not for ordinary office copies made for the convenience of counsel. However, the court finds that the amount submitted is relatively small, given the nature of this case, and that $ 159.00 is certainly reasonable in this instance.

In summary, the following expenses will be taxed by the Court as costs:

```
Docket Fee                      $     60.00
Deposition Transcript Fees         2,820.85
Statutory Attorneys Fees              20.00
Expert Witness Fee                    30.00
Travel Expenses                      288.50
Printing Expense                     159.00
    TOTAL                       $  3,378.35
```

The next issue of concern is whether plaintiff is entitled to an award of prejudgment interest, calculated according to *Mich. Comp. Laws Ann. § 600.6013*. [HN9] In Rule 10b-5 cases, federal law governs whether prejudgment interest should be allowed. *Huddleston v. Herman & MacLean, 640 F.2d 534 (5th Cir. 1981); Wolf v. Frank, 477 F.2d 467 (5th Cir. 1973), cert. denied, 414 U.S. 975, 94 S.Ct. 287, 38 L.Ed. 2d 218 (1973)*. [*14] Federal law as to whether prejudgment interest should be awarded is based upon considerations of fairness and lies within the equitable discretion of the Court. *Huddleston, supra, at 560; Chris-Craft Industries, Inc. v. Piper Aircraft Corp., 516 F.2d 172, 191 (2nd Cir. 1975)*.

Plaintiff's motion in which he seeks pre-judgment interest, captioned PLAINTIFF'S MOTION FOR APPROVAL OF CALCULATION OF INTEREST, was filed well over a month after the partial judgment was entered. Thus, the motion fails to meet the requirements of a *Fed. R. Civ. P. 59(e)* motion to alter or amend the judgment, since it was filed beyond the ten day limit for Rule 59 motions. Instead, plaintiff seeks to characterize his motion as a *Fed. R. Civ. P. 60(a)* motion for relief from judgment due to a clerical error. In support of this contention, plaintiff cites *Glick v. White Motor Company, 458 F.2d 1287 (3rd Cir. 1972)*, wherein the Third Circuit Court of Appeals noted:

> [HN10] The addition of pre-judgment interest under the Michigan statute (*Mich. Comp. Laws Ann. § 600.6013*) is merely a ministerial act which cannt (sic) be denied through mere inadvertence, regardless [*15] of whether the error goes undiscovered for a period exceeding ten days.

Case 1:00-cv-00531-HJW    Document 54-2    Filed 08/10/2004    Page 6 of 6

Page 6
1989 U.S. Dist. LEXIS 18083, *

*Id. at 1294.*

Plaintiff's reliance upon Glick is misplaced. Glick was a case in diversity in which *Mich. Comp. Laws Ann. § 600.6013* was applied under the Michigan conflict of laws rules. In that situation, the plaintiff was entitled to pre-judgment interest under section 600.6013 as a matter of right. Here, plaintiff's entitlement to pre-judgment interest rests within the discretion of the trial court. Unlike the situation where pre-judgment is awarded as a matter of right, an omission of discretionary pre-judgment interest is not a "clerical mistake" within the meaning of Rule 60(a). *Scola v. Boat Frances, R., Inc., 618 F.2d 147 (1st Cir. 1980); Chicago & N.W. Ry. Co. v. Union Packing Co., 527 F.2d 592 (8th Cir. 1976); Gray v. Dukedom Bank, 216 F.2d 108 (6th Cir. 1954)*; see also, *Hirschkop v. Snead, 475 F.Supp. 59 (D.E. Va. 1979)*; see generally, Wright and Miller, Federal Practice and Procedure § 2854 at 152. Accordingly, plaintiff's motion for pre-judgment interest is denied.

[HN11] Post-judgment [*16] interest, on the other hand, is awarded as a matter of course on judgments in civil actions in federal courts. *Waggoner v. R. McGray, Inc., 743 F.2d 643 (9th Cir. 1984). Donovan v. Sovereign Sec., Ltd., 726 F.2d 55 (2nd Cir. 1984)*. Under *28 U.S.C. § 1961*, post-judgment interest is imposed as a matter of law on any money judgment recovered in a civil case in a district court. Thus, *Fed. R. Civ. P. 60(a)* is a proper vehicle for amending a judgment to provide for post-judgment interest, since failure to include post-judgment interest in a judgment is merely a clerical error. *Flowers Transportation, Inc. v. M/V Peanut Hollinger, 94 F.R.D. 99 (W.D. La. 1982)*. The proper rate of post-judgment interest is determined by the average coupon yield of fifty-two week United States Treasury bills. The Court recognizes that the March 20, 1986 partial judgment does not include post-judgment interest. However, it is within this Court's power to correct the judgment under Rule 60(a), since to do so is merely the correction of a clerical error.

IT IS THEREFORE ORDERED in accordance with the foregoing opinion that $ 3,378.35 shall be [*17] taxed as costs to defendants pursuant to *28 U.S.C. § 1920*, and that defendants shall pay to plaintiff post-judgment interest at the applicable federal rate, on the amount of the judgment from the date of entry of the judgment, March 20, 1986, to the date of payment of the judgment.

IT IS SO ORDERED.

Wendell A. Miles, Senior Judge

Dated: July 21, 1989