UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAUL M. ESPITIA,

        Plaintiff,

   v.                                                     C-1-00-531

THE PROCTER & GAMBLE
CO., et. al,

        Defendants.

**ORDER**

This matter is before the Court upon defendant Procter & Gamble Company's motion to review the Clerk's taxation of costs (doc. 52), which plaintiff opposes (doc. 53). The Court heard oral arguments on the motion on September 8, 2004.

This Court granted defendants' motions for summary judgment and judgment was entered in favor of defendants and against plaintiff on July 12, 2002 (docs. 39, 40). The Court's judgment was upheld on appeal. Thereafter, defendant Procter & Gamble Company filed a bill of costs and supporting memorandum on March 15, 2004 (doc. 47). The total amount of costs sought was $5,079.43. Included in the bill of costs were court reporter fees in the amount of $4,706.53 for deposition transcripts of seventeen individuals. Plaintiff filed objections to the bill of costs requesting that the Court deny all costs because such a large assessment of costs against an employment discrimination plaintiff would inhibit other plaintiffs with similar claims from enforcing their federal and state rights (doc. 48). In the alternative, plaintiff asked the Court to

1

reduce the costs to a reasonable amount. Defendant responded that it was entitled to an award of costs under Fed. R. Civ. P. 54 and plaintiff had not overcome the presumption that costs shall be awarded to the prevailing party.

The Clerk filed its Memorandum on Costs on July 9, 2004 (doc. 51). The Clerk disallowed $2,301.73 in costs for the depositions of six individuals on the ground that the deposition transcripts were not filed with the Clerk. The Clerk granted the Bill of Costs in the reduced amount of $2,777.70. Defendant moves the Court to review the Clerk's taxation of costs and requests that the disallowed costs be awarded to it. Defendant asserts that the depositions of plaintiff Raul Espitia, Michael Lindsey, Dwain Carver and Tom Winters were all necessarily obtained for use in the case, were cited extensively in connection with defendant's motion for summary judgment, and were filed with the Court as attachments to the motion. Defendant states that while the depositions of Jim Scarcella and Nancy Bess were not cited in either party's memorandum, both depositions were noticed by plaintiff so that plaintiff should be taxed the amount of $204.90 for the costs of these depositions as copies necessarily obtained for use in the case.

In response, plaintiff argues that the Clerk's taxation of costs should be affirmed. Plaintiff argues that in order to be taxable, depositions must be filed with the Clerk. Plaintiff cites two unreported cases from other districts in support of its position. Plaintiff also notes that defendant filed only portions of four depositions as attachments to the motion for summary judgment and not the entire depositions. Plaintiff further argues that the cost of his deposition should not be taxed because defendant argued to the Court in connection with plaintiff's motion to supplement the record on appeal that the Court should ignore plaintiff's deposition because it had not

previously been filed and entered into evidence. Plaintiff also argues that defendant is not entitled to recover the costs of the depositions of Scarcella and Bess because those depositions were taken only for discovery purposes and were never filed with the Court or referenced in either party's memorandum.

In reply, defendant contends that 28 U.S.C. § 1920(2) does not require that an entire deposition transcript be filed with the Clerk in order to be a taxable cost but need only be "necessarily obtained for use in the case", which the four transcripts cited in the summary judgment motion were.

Fed. R. Civ. P. 54(d) states that unless otherwise directed by the Court, a United States statute, or a federal rule, "costs other than attorneys' fees shall be allowed as of course to the prevailing party." Fed. R. Civ. P. 54(d)(1). While a district court retains the discretion to deny costs, the deference given to such decisions is limited in light of the Federal Rules' prescribed course of action. **White & White, Inc. v. American Hosp. Supply Corp**., 786 F.2d 728, 731-732 (6th Cir. 1986). A district court should exercise its discretion to ensure that only reasonable and necessary costs are taxed. **Hall v. Ohio Educ. Ass'n**, 984 F.Supp. 1144, 1146 (S.D. Ohio 1997).

The Sixth Circuit has clarified which factors may appropriately require a denial or reduction of costs to a successful litigant. **White & White**, 786 F.2d at 730. A Court should consider whether "it would be inequitable *under all the circumstances in the case* to put the burden of costs upon the losing party." *Id.* (alteration in original) (citation omitted). A reduction in costs may be appropriate in close and difficult cases, when taxable expenditures are unreasonably large or unnecessary, or when the prevailing party has needlessly dragged on the litigation. *Id.* It is inappropriate to consider the size of a successful litigant's award and the

successful litigant's ability to pay his costs. *Id.* (internal citations omitted). While good faith is a relevant consideration if other factors are present, in and of itself it is not a sufficient basis for denying costs. *Id.*

The types of costs which may be assessed against the losing party are enumerated in 28 U.S.C. § 1920. These include fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case and fees for exemplification and copies of papers necessarily obtained for use in the case. The costs of taking and transcribing depositions reasonably necessary for the litigation are ordinarily allowed to the prevailing party. **Sales v. Marshall**, 873 F.2d 115, 120 (6th Cir.1989). Necessity is determined as of the time of the taking of the deposition, and the fact that a deposition is not actually used at trial is not controlling. *Id.*

The Sixth Circuit has affirmed a district court's decision awarding costs for depositions in a case decided on summary judgment where "[t]he depositions were used as the evidentiary basis for defendant's motion for summary judgment and were substantially relied upon by [the district] court in determining that motion." **Arrambide v. Wal-Mart Stores, Inc.,** 33 Fed.Appx. 199, 203 (6th Cir. 2002)(not published in Federal Reporter). Similarly, in **Helfrich v. Metal Container Corp**., 202 F.3d 268, 1999 WL 1253051 (6th Cir. 1999)(unpublished decision), the Sixth Circuit determined that the district court had not abused its discretion in awarding the defendant the cost of the plaintiff's deposition, which was submitted in support of the defendant's motion for summary judgment, pursuant to § 1920. The Court rejected the plaintiff's argument that the cost was unreasonable and the deposition was not necessarily obtained for use in his case because not every page of his deposition was utilized in support of the motion for summary judgment. *Id.* at *2. The Court did not discuss in either **Arrambide** or **Helfrich** whether the depositions had been

filed with the Clerk, and plaintiff has not cited this Court to any other Sixth Circuit decisions or to decisions from this district indicating that a deposition must be filed with the Clerk in order for the cost of the deposition to be recoverable under Fed. R. Civ. P. 54.

Plaintiff has not shown that it would be inequitable under all the circumstances to put the burden of costs upon him, and defendant is therefore entitled to an award of costs. The Court finds that defendant is entitled to recover the costs of the depositions of plaintiff, Michael Lindsey, Dwain Carver and Tom Winters in the amount of $2,096.83. The depositions were reasonably necessary for the litigation as evidenced by the fact that defendant relied on the depositions in support of its motion for summary judgment and those portions of the depositions cited in the motion were attached to the motion.

Defendant is not entitled to recover the costs of the depositions of Jim Scarcella and Nancy Bess in the amount of $204.90. Defendant did not rely on either deposition in support of its summary judgment motion, and defendant has not shown that those depositions were reasonably necessary to the litigation.

In accordance with the foregoing, defendant's motion to re-tax costs is **GRANTED** in part and **DENIED** in part. The Clerk's award of costs is **AFFIRMED** as amended herein. The award of costs shall be reduced by the amount of $204.90, resulting in a total cost award of $ 4,874.53.

**IT IS SO ORDERED.**


S/ Herman J. Weber
HERMAN J. WEBER
SENIOR JUDGE, UNITED STATES DISTRICT COURT

J:\HJWA\00-531costs.wpd

Case 1:00-cv-00531-HJW    Document 57    Filed 09/09/2004    Page 7 of 7